**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS WEAVER,

    Plaintiff,                                  Civil Case No. 07-CV-10984

v.                                            JUDGE PAUL D. BORMAN
                                               MAGISTRATE JUDGE STEVEN D. PEPE

DOW CORNING CORPORATION and
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendants.
_____/

**OPINION AND ORDER**
**(1) ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION;**
**(2) GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES; AND**
**(3) MODIFYING MAGISTRATE JUDGE'S RECOMMENDED FEE AWARD**

Now before the Court is Plaintiff Thomas Weaver's Objections to Magistrate Judge Steven D. Pepe's June 15, 2009 Report and Recommendation in favor of granting in part Plaintiff's Motion for Attorney Fees Pursuant to 29 U.S.C. § 1132(G)(1). Defendants Dow Corning Corporation ("Dow") and The Prudential Insurance Company of America ("Prudential") (collectively, "Defendants") timely responded to Plaintiff's Objections on July 10, 2009.

The Court now reviews the Objections, the Report and Recommendation, and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

**I.**     **BACKGROUND**

Plaintiff filed this action against his former employer, Dow, and Dow's current disability plan administrator, Prudential, after Prudential denied Plaintiff's claim for continuing benefits beyond twenty-four months.

At the time of Plaintiff's employment with Dow, Dow provided disability insurance to its employees through two separate plans. The first was a Disability Insurance Policy ("Unum Policy") issued by Unum Life Insurance Company of America ("Unum"), where Unum served as both the plan administrator and insurer for the first twenty-four months of disability benefits for which a claimant was eligible. The second came into effect after the twenty-four month period of coverage provided by Unum. Under this second plan, Defendant Dow self insured the payments and used a third-party administrator ("TPA") to administer the claims. Originally, Unum also served as the TPA for this coverage but on January 1, 2002, Defendant Dow changed its TPA from Unum to Prudential. Under Prudential, this plan was called the Long Term Disability Plan ("Prudential Plan.").

On February 9, 2002, Plaintiff filed for a claim for disability benefits under the Unum Policy, indicating that he suffered from chronic fatigue, chronic pain, and fibromyalgia. Unum denied his initial application and subsequent appeal.

After his appeal was denied, Plaintiff filed suit against Unum in state court on October 15, 2003, alleging breach of contract, unfair trade practices, and ERISA violations. Defendant subsequently removed the case to this Court.

On January 3, 2005, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). In that motion, Plaintiff indicated that he was pursuing a voluntary reassessment of his disability claim with Unum, pursuant to a November 2004 regulatory settlement between Unum, various state agencies, state insurance regulators, and the U.S. Department of Labor. As part of the reassessment of his claim, Plaintiff signed a "Reassessment Information Form" with Unum on January 25, 2006, which essentially released Unum from liability

2

for the prior denial of benefits if the reassessment resulted in Plaintiff receiving benefits for the twenty-four month period at issue.

Unum's subsequent reassessment of Plaintiff's claim resulted in an award of benefits for twenty-four months, the maximum period available under the Unum Policy.

Following the reassessment, the status of Plaintiff's continuing benefits claim remained unclear for several months because although Unum's July 6, 2006 letter granted benefits for twenty-four months, it did not specifically state whether the decision was made pursuant to the Mental and Nervous Provision contained within both Unum's Policy and Prudential's Plan. The Mental and Nervous Provision would have automatically limited Plaintiff's maximum benefit period to twenty-four months; he would not have been eligible for continuing benefits beyond that time period.

During these next few months, Plaintiff's counsel and Unum were preparing paperwork to terminate the litigation between them and release Unum from further responsibility. As such, Plaintiff's counsel and Unum made inquiries to Prudential and Dow as to the status of Plaintiff's claim.

On October 11, 2006, Plaintiff received a letter from Prudential informing him that his claim for continuing benefits was terminated because Unum apparently based its decision on the Mental and Nervous Provision, which thereby limited his benefits to a maximum of twenty-four months. Since Plaintiff had already been paid benefits for twenty-four months, Prudential viewed his claim as terminated.

On January 10, 2007, in Plaintiff's action against Unum, Unum filed a Motion for Entry of Order of Dismissal with Prejudice in this Court. In its motion, Unum argued that since it paid Plaintiff all past due disability, and since Plaintiff signed a release requiring Plaintiff to withdraw

his claim against Unum once that happened, Unum was entitled to dismissal with prejudice. While Plaintiff agreed to a dismissal with prejudice for the twenty-four months of paid disability benefits, Plaintiff sought to keep Unum in the case until such time that his claims for disability against Defendants beyond the twenty-four month horizon were resolved.

Before the Court issued its order on Unum's motion, Plaintiff filed an action against Defendants in state court on February 7, 2007, asserting breach of contract, unfair trade practices, and ERISA violations, to recover disability benefits above and beyond the twenty-four months provided by Unum. Defendants' removed the case to this Court.

On May 29, 2007, the Court granted Unum's motion, reasoning that Plaintiff identified no real basis for keeping Unum in the case and that any documentation he needed for his case against Defendants could be obtained through the discovery process in this case.

On July 17, 2008, the instant parties filed cross motions for relief.

On October 31, 2008, this Court issued an opinion and order denying both motions and remanding Plaintiff's claim to Prudential for a full review of his claim for continuing disability benefits. The Court found that while there was some evidence in the record tending to show that Unum based its decision on the Mental and Nervous Provision, Unum never specifically stated that they did. Given this lack of clarity as to Unum's award of benefits, Prudential's decision not to even review Plaintiff's claim was improper.

On November 13, 2008, Plaintiff moved for an award of attorney fees pursuant to 29 U.S.C. § 1132(g)(1). The Court referred the motion to Magistrate Judge Pepe for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his June 15, 2009 Report and Recommendation, Magistrate Judge Pepe recommended granting in part Plaintiff's Motion.

Plaintiff's timely filed objections to the Report and Recommendation are now before the Court.

## II.     ANALYSIS

### A.     Plaintiff's First Objection

Plaintiff first objects to Magistrate Judge Pepe's recommended exclusion of certain time entries from his damages award. Plaintiff argues that the entries should not have been excluded either (1) because they were essential in preserving Plaintiff's rights or (2) because they were directly related to this case.

Plaintiff first claims that Magistrate Judge Pepe's exclusion of time entries that coincided with actions taken in the Unum litigation was in error because the sole purpose of the work at issue in those entries was to preserve Plaintiff's rights in this case.

Even assuming, as Plaintiff argues, that the first lawsuit was a necessary precursor to the second, the Court declines to award attorney fees for those entries. First, it is important to note that Plaintiff did not seek to join Prudential or Dow to the Unum case, consolidate the Unum case with this case, or even seek attorney fees in the Unum case. More importantly, though, any work that Plaintiff did in the Unum case after he was awarded benefits did little, if anything, to preserve his rights in the instant case. As the Court noted in its May 27, 2009 Order in the Unum case, at that point, Plaintiff failed to identify a basis for keeping Unum in the case; he could obtain whatever information he needed from Unum through the discovery process in this case.

Plaintiff next argues that three entries totaling $420 clearly should have been included in the calculation of the fee award because they relate directly and solely to this action: (1) December 27, 2006 letter from Plaintiff's counsel to Prudential, (2) January 4, 2007 letter from Prudential to Plaintiff's counsel, and (3) April 24, 2007 regarding Requests to Produce and Interrogatories to

5

Defendant.

Defendants contend that with respect to the first two entries, Plaintiff ignores Magistrate Judge Pepe's reason for excluding the letters: they predate the filing of the Complaint in this matter. As to the third entry, Defendants contend that the name of the document under which that entry is listed provides that the entry pertained to the case against Unum.  Such an argument is clearly without merit, as all of the entries, including those that undoubtedly pertained to the case against Prudential, were listed in this document.

Alternatively, Defendants argue that Plaintiff should not be allowed to recover for this entry because Magistrate Judge Pepe erroneously permitted recovery for a portion of the attorney fees incurred on May 23, 2007 for "preparation for, attendance at argument on motion to enter order." (Pl.'s Mot for Attorney Fees and Costs, Ex. 3).  That entry was for $1,050.  A review of the docket sheet in the Unum case reveals that Plaintiff's counsel attended a Motion for Order of Dismissal on May 23, 2007.  (Case No. 03-7460, Dkt. No. 24).  Therefore, Magistrate Judge Pepe erroneously permitted an attorney fee recovery for work done in the Unum case.  Thus, even if the Court were to find that Magistrate Judge Pepe erred in excluding the three entries listed above, Magistrate Judge Pepe's inclusion of the May 23, 2007 entry more than offsets the total amount of those three entries.

Accordingly, the Court rejects Plaintiff's first objection to Magistrate Judge Pepe's Report and Recommendation.

### B. Plaintiff's Second Objection

Plaintiff next objects to the Magistrate Judge's reduction of Plaintiff's attorney fee award by two-thirds because the Magistrate Judge found that Plaintiff prevailed on approximately one-third of his arguments.  Plaintiff first argues that Magistrate Judge Pepe erred because Plaintiff actually

prevailed on the two most substantive issues. Plaintiff then goes on to argue that it was unduly harsh and disproportionate to award attorney's fees based solely on the number of issues won and lost, when the substantial majority of the work performed in this case was simply getting what Plaintiff had asked for prior the commencement of the litigation: a full and fair review.

Plaintiff clearly sought an award of benefits from this Court; Plaintiff did not want to have his claims remanded back to Prudential, as the Court ultimately decided was proper on the facts before it. Magistrate Judge Pepe, therefore, determined that to the extent that Plaintiff prevailed in this case, he only was successful in obtaining a full and fair review of his claim by the claims administrator and not in convincing the Court to conduct a *de novo* review of his file and then ultimately award lifetime benefits to Plaintiff. Thus, according to Magistrate Judge Pepe, Plaintiff was only one-third successful.

Although the Court finds Magistrate Judge Pepe's recommendation that Plaintiff receive a proportionate award of attorney fees equal to his level of success to be both reasonable and fair, the Court finds Magistrate Judge Pepe's application of that standard to be divorced from the realities of the case. Plaintiff sought a *de novo* review of his file by this Court and an ultimate determination that he was entitled to benefits. That the Court did not conduct a *de novo* review of Plaintiff's file is not of such a consequence as Magistrate Jude Pepe treated it in the Report and Recommendation.

The Court remanded the case to Prudential for it to conduct a full and fair review of Plaintiff's claim. At the conclusion of that review, Plaintiff has the opportunity to seek judicial review of any denial of benefits under the arbitrary and capricious standard. If, however, Prudential failed to substantially comply with ERISA's procedural mandates in reviewing Plaintiff's claim, as Plaintiff had argued previously, then Plaintiff would have the opportunity to seek *de novo* review

of his file by this Court or at least another remand to Prudential with a more specific mandate. *See Vanderklok v. Provident Life & Accident Ins.*, 956 F.2d 610, 617 (6th Cir. 1992); *Kent v. United Omaha Life Ins. Co.*, 96 F.3d 803, 808 (6thh Cir. 1998). Thus, in actuality, Plaintiff was one-half (fifty percent) successful; not one-third (thirty-three percent) successful as Magistrate Judge Pepe found.

Accordingly, the Court GRANTS IN PART Plaintiff's second objection to the Report and Recommendation and revises upward Plaintiff's attorney fee award from $7,344.67 to $11,017.00, for a total award of $11,543.10, which includes previously awarded costs of $526.10.

### III. CONCLUSION

For these reasons, the Court:

(1) **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judges's Report and Recommendation in favor of granting in part Plaintiff's Motion for Attorney Fees Pursuant to 29 U.S.C. §1132(G)(1);

(2) **GRANTS IN PART** Plaintiff's Motion for Attorney Fees Pursuant to 29 U.S.C. §1132(G)(1);

(3) **AWARDS** Plaintiff attorney fees and costs totaling $11,543.10.

**SO ORDERED.**

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: August 25, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 25, 2009.

                                              s/Denise Goodine
                                              Case Manager